IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WOODY GLASS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-CV-182-JHP-PJC |
| ) | |
| JUSTIN JONES; ) | |
| DEBBIE L. MORTON, ) | |
| ) | |
| Defendants ) | |

### OPINION AND ORDER

On March 26, 2007, Plaintiff, a state prisoner appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983, against Justin Jones and Debbie L. Morton. Both defendants are employees of the Oklahoma Department of Corrections ("DOC"). Plaintiff has been granted leave to proceed *in forma pauperis* and has paid the initial partial filing fee required to commence this action. For the reasons discussed below, the Court finds that this Complaint shall be dismissed without prejudice.

### *BACKGROUND*

In his complaint, Plaintiff asserts one (1) claim: that he was deprived of his constitutional right to due process at a prison disciplinary hearing held at Northeast Oklahoma Correctional Center. The records attached to the complaint reflect that at the hearing, held November 9, 2006, Plaintiff was found guilty of possession of contraband. The punishment imposed was 30 days in segregated housing, revocation of 365 days earned credits, and placement at level 1 for 90 days. Plaintiff exhausted the administrative review process by appealing the finding of misconduct to the facility head and to the Director's Designee. The records provided by Plaintiff reflect that he failed to follow DOC rules in submitting his administrative appeal. As a result, the appeal was returned unanswered. Plaintiff's due process claim in this federal civil rights action is based on the

unanswered return of his administrative appeal. See Dkt. # 1. Plaintiff seeks the following relief:

> to have misconduct appeal expunged from petitioner's record, return of 365 days earned credits and return petitioner to level before alleged incident occurred. Petitioner is requesting monetary damages of $10,000,000.00 (10 Million Dollars) from each defendant in their individual capacity.

(Dkt. #1).

## *ANALYSIS*

**A.     Dismissal under 28 U.S.C. § 1915A**

The Prison Litigation Reform Act of 1996 added a new section to the *in forma pauperis* statute entitled "Screening." See 28 U.S.C. § 1915A. That section requires the Court to review prisoner complaints before docketing, or as soon as practicable after docketing, and to "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. For the reasons discussed below, the Court finds that, pursuant to 28 U.S.C. § 1915A, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

**B.     Dismissal for Failure to State a Claim**

Title 42 U.S.C. § 1983 provides individuals a federal remedy for deprivation of their rights secured by the Constitution and laws of the United States. See Dixon v. City of Lawton, 898 F.2d 1443, 1447 (10th Cir. 1990). For a complaint under section 1983 to be sufficient a plaintiff must allege two prima facie elements: that defendant deprived him of a right secured by the Constitution and laws of the United States, and that defendant acted under color of state law. Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970). Federal Rule of Civil Procedure 8(a) sets up a liberal system of notice pleading in federal courts. This rule requires only that the complaint include a short and plain statement of the claim sufficient to give the defendant fair notice of the grounds on which

it rests. Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993) (rejecting heightened pleading requirements in civil rights cases against local governments). If a plaintiff's complaint demonstrates both substantive elements it is sufficient to state a claim under section 1983. Id.; Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988).

A court should dismiss a constitutional civil rights claim only if it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Meade, 841 F.2d at 1526 (citing Owens v. Rush, 654 F.2d 1370, 1378-79 (10th Cir. 1981)). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Id.; Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110.

**C.     Plaintiff's Complaint fails to state a claim upon which relief may be granted**

*1.     Plaintiff has failed to allege the deprivation of any constitutional right*

As his only claim in this action, Plaintiff complains that he was deprived of due process during the administrative appeal from his misconduct. Plaintiff's first appeal was returned because it was "submitted incorrectly." Plaintiff states that he resubmitted his appeal "according to disciplinary OP-060125 instructions," but the appeal was returned again unanswered with the instruction "not to resubmit." See Dkt. # 1.

Defendants' handling of Plaintiff's administrative appeal does not, by itself, give rise to a

constitutional violation. This is true because a prison official's failure, if any, to adequately respond to a prisoner's grievance does not implicate a constitutional right. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (official's failure to process inmates' grievances, without more, is not actionable under section 1983); Greer v. DeRobertis, 568 F.Supp. 1370, 1375 (N.D. Ill. 1983) (prison officials' failure to respond to grievance letter violates no constitutional or federal statutory right); see also Shango v. Jurich, 681 F.2d 1091 (7th Cir. 1982) (a prison grievance procedure does not require the procedural protections envisioned by the Fourteenth Amendment). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley, 997 F.2d at 495 (quoting Azeez v. DeRobertis, 568 F.Supp. 8 (N.D. Ill. 1982)); see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (an inmate has no legitimate claim of entitlement to a grievance procedure). Therefore, to the extent Plaintiff complains in this action that his administrative appeal was improperly handled in violation of his right to due process, he has failed to state a claim upon which relief may be granted since the administrative appeal procedure does not give rise to a protected liberty interest requiring due process protections.

    *2.    Challenge to due process afforded at disciplinary hearing has not accrued*

To the extent Plaintiff's complaint could be read to include a challenge to the due process afforded him at the disciplinary hearing, he cannot recover monetary damages in this civil rights action. "[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been

invalidated." Edwards v. Balisok, 520 U.S. 641, 643 (1997) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). This rule of law applies not only when the prisoner challenges his judgment as a substantive matter but also when he challenges "procedures . . . such as necessarily to imply the invalidity of the judgment," id. at 645, and extends to prison disciplinary hearings. See Edwards, 520 U.S. at 648.

In this case, the records attached to the complaint reflect that Plaintiff argued in his administrative appeal that he had been "set up" by another inmate, that he had not been permitted to present relevant documentary evidence, and that there was no determination of the reliability of confidential witness testimony. See Dkt. # 1, attachments. The Court finds that a judgment in favor of Plaintiff on his due process claim would "necessarily imply the invalidity of [the finding of misconduct]." Heck, 512 U.S. at 487. Before bringing such a claim in a civil rights action, Plaintiff's misconduct would have to be set aside or expunged in a state court action or a federal habeas corpus action brought to invalidate the misconduct. Since the misconduct has not been set aside, Plaintiff's claim for damages under 42 U.S.C. § 1983 has not yet accrued and his request for monetary damages must be dismissed without prejudice for failure to state a claim upon which relief may be granted.

   3.  *Requests for expungement of misconduct, return of 365 days earned credits, and return to pre-misconduct classification level*

In addition to his claim for monetary damages, Plaintiff specifically requests restoration of lost earned credits and expungement of his record. Such requests lie in habeas corpus because they affect the length or duration of Plaintiff's confinement. Preisser v. Rodriguez, 411 U.S. 475, 487-490 (1973); Duncan v. Gunter, 15 F.3d 989 (10th Cir. 1994); Smith v. Maschner, 899 F.2d 940, 951 (10th Cir. 1990). Therefore, Plaintiff's remedy is a writ of habeas corpus under 28 U.S.C. § 2241,

challenging the administration of his sentence, see Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (finding that a petition filed by a state prisoner challenging the execution of a sentence, rather than the validity of a conviction and sentence, is properly brought under 28 U.S.C. § 2241, not § 2254), rather than a complaint under 42 U.S.C. § 1983.

Should Plaintiff wish to pursue those remedies, he should file a 28 U.S.C. § 2241 petition for writ of habeas corpus using the court-approved form. However, Plaintiff is advised that a habeas petitioner is required to exhaust available state remedies before seeking relief under 28 U.S.C. § 2241. Montez, 208 F.3d at 866. A state inmate challenging a disciplinary decision impacting his earned-credit status has a state judicial remedy provided by Okla. Stat. tit. 57, § 564.1 (Supp. 2005). This new statute expressly provides Oklahoma inmates with a judicial remedy for challenging institutional disciplinary decisions on due process grounds. The Oklahoma statute, which became effective on May 10, 2005, provides in relevant part:

> In those instances of prison disciplinary proceedings that result in the revocation of earned credits, the prisoner, after exhausting administrative remedies, may seek judicial review in the district court of the official residence of the Department of Corrections.

Okla. Stat. tit. 57, § 564.1(A) (Supp. 2005). The statute delineates the grounds that may be raised by the inmate in challenging the results of a disciplinary proceeding. See Okla. Stat. tit. 57, § 564.1(D). The statute limits judicial review to a finding whether "due process was [ ] provided . . ." and limits relief to another hearing "to provide due process." Okla. Stat. tit. 57, § 564.1(E).

## *CONCLUSION*

Plaintiff's complaint fails to state a claim upon which relief may be granted and shall be dismissed pursuant to 28 U.S.C. § 1915A. Plaintiff's claim related to the handling of his

administrative appeal does not allege a constitutional violation. Until Plaintiff can demonstrate that the finding of misconduct has been invalidated, no 42 U.S.C. § 1983 claim based on the due process afforded at his disciplinary hearing has accrued. Heck v. Humphrey, 512 U.S. 477 (1994). Lastly, habeas corpus provides the exclusive remedy for relief affecting the duration of confinement, including expungement of the misconduct, restoration of revoked earned credits, and return to pre-misconduct classification level.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's complaint is **dismissed without prejudice** for failure to state a claim upon which relief may be granted. This is a final Order terminating this action. Plaintiff is reminded of his obligation to continue making monthly payments until the he has paid the $350 filing fee in full.

DATED THIS 22nd day of June, 2007.

James H. Payne
United States District Judge
Northern District of Oklahoma